* Proof of Service Attached

SDNY PRO SE OFFICE
2026 NOV 19 PM

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STANLEY TAYLOR,<br><br>Plaintiff,<br><br>-against-<br>CITY of NEW York<br>MORGAN, LEWIS & BOCKIUS LLP,<br>LILIYA PERELMAN KRAMER, and<br>ARTHUR J. SCHWARTZ, LAURA CHRISTINE WILLIAMS<br>NANCY A. REILLY, MARIA FERNANDO DE CASTRO<br>REBECCA GIBSON QUINN, NICHOLAS PHILLESE SCHAEFER.<br>Defendants. | S.D.N.Y. Docket No.<br>1:26-cv-09272 |

**PLAINTIFF'S AFFIRMATION IN SUPPORT OF MOTION TO REMAND**

I, STANLEY TAYLOR, Plaintiff herein, appearing pro se, affirm under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in this action and submit this affirmation in support of my application for remand pursuant to 28 U.S.C. § 1447(c).

2. This action originated in the Supreme Court of the State of New York, County of Kings, under Index No. 993/26.

3. The original civil complaint, annexed hereto as Exhibit A, sets forth Plaintiff's allegations and causes of action sounding in common-law fraud and conspiracy.

4. The claims arise from alleged wrongful conduct associated with an earlier federal judicial proceeding, including matters concerning the handling and securing of appropriate jury instructions.

5. Plaintiff commenced the underlying state-court action seeking relief for the alleged wrongful conduct under the applicable state-law theories asserted in the complaint.

6. Plaintiff did not commence this action as an expressly pleaded statutory action under 42 U.S.C. § 1983 or § 1985.
7. Defendants thereafter undertook removal of the state-court action to this Court, resulting in the present federal docket number, 1:26-cv-09272, on or about October 22, 2026.
8. Defendants' affirmation supporting removal is annexed hereto as Exhibit B.
9. Plaintiff disputes Defendants' characterization of the original complaint as presenting a federal statutory cause of action sufficient to establish federal-question jurisdiction.
10. Plaintiff maintains that the factual relationship between the alleged misconduct and an earlier federal judicial proceeding does not, standing alone, transform the present state-law controversy into a federal cause of action.
11. The legal theories actually pleaded in the original complaint, rather than Defendants' subsequent characterization of those allegations, must control the jurisdictional inquiry.
12. Plaintiff further maintains that the removing parties bear the burden of demonstrating that the action falls within the original jurisdiction of this Court.
13. To the extent Defendants rely upon diversity jurisdiction, Plaintiff requests that they be required to establish the citizenship of all opposing parties and the statutory amount in controversy required by 28 U.S.C. § 1332.
14. Plaintiff brings this application solely to challenge the propriety of removal and the existence of federal subject-matter jurisdiction. Plaintiff does not seek an adjudication of the underlying merits of the state-law causes of action through this application.
15. Plaintiff respectfully submits that where the removing parties cannot establish a statutory basis for original federal jurisdiction, remand is required under 28 U.S.C. § 1447(c).

WHEREFORE, Plaintiff respectfully requests that this Court grant the accompanying motion, remand this action to the Supreme Court of the State of New York, County of Kings, and grant such other and further relief as the Court deems just and proper.

I affirm under penalty of perjury that the foregoing is true and correct.

Dated: 10 NOVEMBER 2026

81 NORTH PORTLAND AVENUE #12H
BROOKLYN, N.Y. 11205
(212) 365-4390

STANLEY TAYLOR

Plaintiff Pro Se

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STANLEY TAYLOR,<br><br>Plaintiff,<br><br>-against-<br><br>MORGAN, LEWIS & BOCKIUS LLP,<br>LILIYA PERELMAN KRAMER, and<br>ARTHUR J. SCHWARTZ, ET AL.<br><br>Defendants. | S.D.N.Y. Docket No.<br>1:26-cv-09272 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

## PRELIMINARY STATEMENT

Plaintiff Stanley Taylor respectfully submits this Memorandum of Law in support of remanding this action to the Supreme Court of the State of New York, County of Kings, pursuant to 28 U.S.C. § 1447(c).

The action originated in state court as a civil action asserting allegations sounding in common-law fraud and conspiracy.

The controversy arises from alleged wrongful conduct associated with an earlier federal judicial proceeding. However, the historical or factual relationship of a state-law controversy to a prior federal proceeding does not, without more, create federal-question jurisdiction.

The central jurisdictional issue is whether Defendants have established that Plaintiff's properly pleaded causes of action arise under federal law or necessarily present a substantial federal question sufficient to support removal.

Plaintiff maintains that Defendants cannot create federal jurisdiction by recharacterizing the state-law causes of action through their own removal affirmation.

## POINT I
## THE WELL-PLEADED COMPLAINT RULE CONTROLS THE DETERMINATION OF FEDERAL-QUESTION JURISDICTION.

Under 28 U.S.C. § 1331, federal district courts possess original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.

The controlling principle is that federal-question jurisdiction generally must appear from the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

The Supreme Court has consistently distinguished between claims arising under federal law and state-law claims that merely involve facts or circumstances connected to federal law. Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149 (1908).

Accordingly, the jurisdictional inquiry must begin with Plaintiff's original complaint, not the subsequent characterization advanced by Defendants.

The fact that the complaint concerns conduct associated with an earlier federal proceeding does not independently establish that the present causes of action arise under federal law.

## POINT II
## THE GRABLE-GUNN EXCEPTION DOES NOT AUTHORIZE REMOVAL MERELY BECAUSE A STATE-LAW CLAIM HAS A FEDERAL FACTUAL BACKGROUND.

Plaintiff recognizes that a state-law cause of action may, under limited circumstances, support federal-question jurisdiction when it necessarily raises a substantial and disputed federal issue. Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005).

However, the Supreme Court subsequently clarified the controlling requirements in Gunn v. Minton, 568 U.S. 251, 258 (2013).

The four requirements are: (1) the federal issue must necessarily be raised; (2) the federal issue must actually be disputed; (3) the federal issue must be substantial to the federal system as a whole; and (4) federal jurisdiction must be capable of resolution without disrupting the federal-state balance approved by Congress.

These requirements must be considered together. A federal factual background is not equivalent to a necessarily raised federal legal issue.

Here, the allegations concern conduct associated with an earlier federal judicial proceeding, including the handling of jury instructions. Nevertheless, Defendants must establish why adjudication of Plaintiff's state-law fraud and conspiracy claims necessarily requires resolution of a substantial question of federal law.

The mere reference to a federal proceeding does not satisfy that burden.

## POINT III
## DEFENDANTS CANNOT CREATE A FEDERAL CAUSE OF ACTION THROUGH THEIR OWN CHARACTERIZATION OF PLAINTIFF'S STATE-LAW ALLEGATIONS.

The distinction between factual allegations and legally pleaded causes of action is fundamental. Plaintiff's complaint must be examined according to the claims and relief actually asserted.

The Supreme Court has rejected the proposition that a defendant may independently create federal jurisdiction through its own pleading or characterization. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826 (2002).

Likewise, Caterpillar Inc. v. Williams, 482 U.S. 386 (1987), confirms that a defendant cannot transform a state-law action into a federal action merely by invoking federal law as a defense or alternative characterization.

To the extent Defendants invoke 42 U.S.C. §§ 1983 and 1985, those statutory provisions contain distinct substantive requirements. Section 1983 requires action under color of state law and deprivation of a federally protected right. Section 1985 addresses specified forms of conspiratorial conduct and contains its own statutory elements.

The use of the words fraud and conspiracy in a state-law complaint does not automatically establish either statutory cause of action.

Moreover, private attorneys do not ordinarily become state actors merely by representing clients or participating in judicial proceedings. Rodriguez v. Weprin, 116 F.3d 62, 65–66 (2d Cir. 1997); American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40 (1999).

Plaintiff does not contend that the absence of a statutory citation alone defeats jurisdiction. Rather, Defendants must demonstrate that the substance of the complaint actually establishes a federal cause of action or satisfies the limited embedded-federal-question doctrine.

## POINT IV
## THE REMOVING DEFENDANTS BEAR THE BURDEN OF ESTABLISHING FEDERAL SUBJECT-MATTER JURISDICTION.

Under 28 U.S.C. § 1441(a), removal is authorized only when the action is one that could originally have been brought in federal court.

The removing parties bear the burden of establishing the jurisdictional basis for removal. Lupo v. Human Affairs International, Inc., 28 F.3d 269 (2d Cir. 1994).

Section 1446 requires the removing party to provide a short and plain statement of the grounds for removal. However, the filing of a removal affirmation or notice does not itself establish original federal jurisdiction.

The Court must independently determine whether the statutory requirements have been satisfied.

Plaintiff therefore requests that the Court examine Exhibit A, the original civil complaint, together with Exhibit B, Defendants' removal affirmation, and determine whether the jurisdictional allegations actually establish federal-question jurisdiction.

**POINT V**
**ANY ASSERTION OF DIVERSITY JURISDICTION MUST INDEPENDENTLY SATISFY 28 U.S.C. § 1332.**

To the extent Defendants rely upon diversity jurisdiction, they must establish complete diversity of citizenship between opposing parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

The citizenship of the parties must be established according to the applicable legal standards. Hertz Corp. v. Friend, 559 U.S. 77 (2010).

The removing parties cannot rely upon unsupported assumptions concerning citizenship or the amount in controversy.

Unless the requirements of diversity jurisdiction are established, diversity cannot independently sustain removal.

## POINT VI
## REMAND IS REQUIRED UNDER 28 U.S.C. § 1447(c) WHERE SUBJECT-MATTER JURISDICTION IS ABSENT.

Section 1447(c) provides that if, at any time before final judgment, it appears that the district court lacks subject-matter jurisdiction, the action shall be remanded.

The statutory language is mandatory.

Plaintiff respectfully submits that the Court must determine whether Defendants have established original federal jurisdiction based upon the actual causes of action asserted.

Where no sufficient federal jurisdictional basis exists, the action must return to the state court in which it originated.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court: (1) grant Plaintiff's motion to remand; (2) determine that Defendants have failed to establish federal subject-matter jurisdiction under 28 U.S.C. § 1331 or another independently sufficient jurisdictional provision; (3) remand this action to the Supreme Court of the State of New York, County of Kings, under Index No. 993/26; (4) direct the Clerk to transmit the appropriate remand documentation to the state court; and (5) grant such other and further relief as the Court deems just and proper.

Respectfully,

[signature]

STANLEY TAYLOR 11/10/26

Plaintiff

Dated:
10 NOV 26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STANLEY TAYLOR,<br><br>Plaintiff,<br><br>-against-<br><br>MORGAN, LEWIS & BOCKIUS LLP,<br>LILIYA PERELMAN KRAMER, and<br>ARTHUR J. SCHWARTZ, ET AL<br><br>Defendants. | S.D.N.Y. Docket No.<br>1:26-cv-09272 |

**EXHIBIT A** → SUPREME COURT KINGS COUNTY - INDEX # 993/26

**PLAINTIFF'S ORIGINAL CIVIL COMPLAINT**

EXHIBIT A

**[Print in *black* ink beside instructions in bold letters. This summons must be served with a complaint.]**

CAPTION RIDER ATTACHED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

STANLEY TAYLOR,
**[fill in name(s)]** Plaintiff(s),

- against -

MORGAN LEWIS AND BOCKIUS LLP AND LILIYA PERELMAN KRAMER,
**[fill in name(s)]** Defendant(s).

(SEE ATTACHED CAPTION RIDER)

**SUMMONS**

**Index Number** 993/26

**Date Index Number Purchased**

__________, 20___

To the Person(s) Named as Defendant(s) above:

PLEASE TAKE NOTICE THAT YOU ARE SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: 9/2, 2026

KINGS COUNTY CLERK FILED

Stanley Taylor
**[sign your name]**
STANLEY TAYLOR
**[print your name]**

81 NORTH PORTLAND #12H
BROOKLYN, N.Y. 11205, (212)-365-4390
**[your address and telephone number]**

1) LILIYA PERELMAN KRAMER
ATTORNEY, MORGAN LEWIS
AND BOCKIUS LLP.
ONE FEDERAL STREET 16TH FLOOR
BOSTON, MA, 02110
**[name and address of defendant(s)]**

2) ARTHUR Z SCHWARTZ, AFJ, CHARTERED ATTORNY, 225 BROADWAY, SUITE 1902
NEW YORK, N.Y. 10007
**[name and address of defendant(s)]**

Venue: Plaintiff(s) designate(s) ___ County as the place of trial. The basis of this designation is:

- Plaintiff(s) residence in KINGS COUNTY.
- Defendant(s) residence in NEW YORK COUNTY
- Other **[See CPLR Article 5]**: LILIYA PERELMAN KRAMER ATTORNEY, MORGAN LEWIS AND BOCKIUS LLP. ONE FEDERAL STREET 16TH FLOOR. BOSTON, MA, 02110

"A"

EXHIBIT A

Case 1:26-cv-09272 Document 1-1 Filed 10/22/26 Page 3 of 19

CAPTION RIDER CONTINUATION OF PARTIES

3) LAURA CHRISTINE Williams, 100 CHURCH STREET, NEW YORK, N.Y. 10007

4) NANCY A. REILLY, DIRECTOR OF HUMAN RESOURCES, DEPARTMENT OF SANITATION NEW YORK CITY, CITY OF NEW YORK, 100 CHURCH STREET, NYC LAW DEPARTMENT, 10007, N.Y. N.Y.

5) MARIA FERNANDO DECASTRO, NYC LAW DEPARTMENT 100 CHURCH STREET, N.Y. N.Y. 10007

6) REBECCA GIBSON QUINN, NYC LAW DEPARTMENT. CITY OF NEW YORK. 100 CHURCH STREET NEW YORK, 10007

7) NICHOLAS PHILIP PALLESE SCHAEFER And AMERICAN INTERNATIONAL GROUP, INCORPORATION (AIG) NEW YORK, N.Y. 1271 AVENUE OF THE AMERICAS, SIXTH Avenue. N.Y. N.Y. 10020. CITY OF NEW YORK 100 CHURCH STREET, N.Y. N.Y. 10007

Case 1:26-cv-09272 Document 1-1 Filed 10/22/26 Page 4 of 19 CAPTION RIDER ATTACHE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------x

STANLEY TAYLOR,
[Your name(s)] Plaintiff(s),

- against -

MORGAN LEWIS AND BOCKIUS LLP,
LILIYA PERELMAN KRAMER,
[name(s) of party being sued] Defendant(s).
------------------------------------------------------------x

Index Number

COMPLAINT

TO THE SUPREME COURT OF

The complaint of the plaintiff [your name], STANLEY TAYLOR

Respectfully shows and alleges as follows: [number each paragraph]

1. I AM A BLACK UNEMPLOYED UNITED STATES AIR FORCE COMBAT VETERAN OF THREE (3) WARS. MY TRUSTED ATTORNEY ARTHUR Z. SCHWARTZ ADVOCATE AND A FRIEND THAT I HELPED CAMPAIGNED FOR HIM WHEN RUNNING FOR NYC COUNSELMAN IN NEW YORK CITY DISTRICT THREE (3) IN 2021. CONSPIRED TO COMMIT FRAUD AGAINST PROSE PLAINTIFF, STANLEY TAYLOR VS. NEW YORK CITY DEPARTMENT OF SANITATION AND NANCY REILLY, DIRECTOR OF HUMAN RESOURCES. CASE, SDNY. 17-CV-01424 (MKV)(SDA). THIS INCLUDING WRONGFULLY CHARGING THE JURY AND OMITTING THE ELEMENTS OF TITLE VII MCDONNEL DOUGLAS CORPORATION VS. GREEN, 411 U.S. 792, 802 (1973) JOHN FROM NYLAG ASSISTED M GREATLY WITH EIGHT (8) YEARS OF LITIGATION WASTED. THEN TO BE UNFAIRLY DISMISSED. AT A FIXED TRIAL, SEVERAL ATTORNEYS AND NANCY REILLY. DSNY WAS INVOLVED IN THIS RIGGED TRIAL.

2. HONORABLE JUDGE MARY K. VYSKOCIL GAVE DEFENDANTS PARTIAL, SUMMARY JUDGEMENT

CAPTION RIDER ATTACHED

THE RECORD WILL SHOW THE OFFICERS OF THE COURT WERE INVOLVED IN A HIGH DEGREE OF MORAL TURPITUDE OR CRIMINAL DISHONESTY FOR PUNITIVE DAMAGES, IF WARRANTED OR POSSIBLE.

9) ATTORNEY'S BEHAVIOR WENT FAR BEYOND A SINGLE OR SIMPLE MISTAKES OR BAD LEGAL ADVICE. THEY SHOWED A CONCIOUS MALICIOUS DISREGARDS FOR MY RIGHTS AND DUE PROCESS.

10) THEY ALL OR SHOULD HAD KNOWN IT WAS MCDONNELL DOUGLAS CORPORATION VS GREEN ( ) THE JURY INSTRUCTION TO CASE 17-CV-01424. SDNY 2023.

11) THIS WAS A COMBINATION OF AN ABUSE OF POWER RACISM AND PLAN NEGLIGENCE.

NATURE OF MY CASE AND DAMAGES.
① CONSPIRACY TO DEFRAUD ② MALPRACTICE ③ WRONGFULLY CHARGING JURY ③ DECEPTION AND FRAUD. ④ FAILURE TO COMMUNICATE ④ LAWYERS CLIENT PRIVILEGE ⑤ PUNITIVE DAMAGES $50,000,000, OTHER CHARGES $50,000,000

3. ON MARCH 31, 2023 STATING ON HER OPINION AND ORDER PAGE 7, PART III DISCUSSION SUBDIVISION #3. GIVEN THAT TAYLOR ESTABLISHES A PRIMA FACIE CASE OF RACE DISCRIMINATION, DEFENDANTS HAVE THE BURDEN TO ESTABLISH THE NON-DISCRIMINATORY REASON FOR REFUSING TO HIRE HIM. See McDonnell Douglas Corp. Vs. Green 411 U.S. 792, 802 (1973). SEE EXHIBIT A. SUBDIVISION THREE (3)

4. THE JUDGE DETERMINED THE ELEMENTS OF McDONNEL Douglas Vs. GREEN TO BE USED AFTER DISCOVER TO BE USED AT THE TRIAL OF SEPTEMBER 2023. AT THE SDNY COURT. THIS WAS THE OPINION AND ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR SUMMARY JUDGEMENT DATED FILED 31 MARCH 2023. SEE EXHIBIT $B_1 + B_2$ PLAINTIFFS MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR SUMMARY JUDGEMENT TABLE OF AUTHORITIES Page # 4 McDONNELL DOUGLAS V. GREEN, 411 U.S. 792, 93 S.Ct 1817. 36 L. ED 2d 668 (1973) ..... 10. THE PROCEEDING WAS WRITTEN ADDRESSED BY ADVOCATES FOR JUSTICE CHARTERED ATTORNEYS, ATTORNEY FOR PLAINTIFF ARTHUR Z. SCHWARTZ. 225 BROADWAY, SUITE 1902 NEW YORK, N.Y. 10007 Tel # 212 285-1400.

5. IN THE JUDGE'S MEMORANDUM OF OPINION STATES PLAINTIFF'S CASE CANNOT BE DISMISSED ON SUMMARY Judgement AND MUST GO TO TRIAL SHOWING THE JURY THE TITLE 7. CASE McDONNEL Douglas Vs. Green THE LEADING CASE OF EMPLOYMENT DISCRIMINATION AND WAS NEVER MENTION TO THE JURORS AT TRIAL TO BE DECIDED ON.

6. THESE OFFICERS (Lawyers) OF THE COURT INTENTIONALLY LEFT OUT THE SKELETON / FRAMEWORK OF McDONNELL Douglas CORP Vs. GREEN. DURING THE THREE (3) DAYS TRIAL, NONE MENTION THE WORDS TITLE VII McDONNELL Douglas CORPORATION Vs. GREEN FROM JUDGE MOTION FOR SUMMARY Judgement DATED 31 MARCH -

PLEASE NOTE JURY QUESTION ONE ON THE VERDICT SHEET QUESTION 1 (ONE) READ. "HAS PLAINTIFF PROVEN BY PREPONDERANCE OF THE EVIDENCE THAT DEFENDANT CITY OF NEW YORK INTENTIONALLY DISCRIMINATED AGAINST HIM BY DENYING HIM EMPLOYMENT BECAUSE OF HIS RACE? THIS WRONGFULLY CHARGING OF THE JURY REJECTING PRO SE PLAINTIFF TAYLOR'S DUE PROCESS "STOPPING JUSTICE". THE FOLLOWING IS THE EXPLICATORY MEMORANDUM OF TRIAL INJUSTICE:

EXPLICATORY MEMORANDUM OF TRIAL INJUSTICE

1. McDonnell Douglas as the legal standard for jury consideration
McDonnell Douglas Corp. v. Green establishes the framework of law for the jury to evaluate Title VII claims:
Prima facie case – the jury must consider:
Protected class membership
Qualification for the position
Adverse employment action
Circumstances giving rise to an inference of discrimination
Employer's legitimate nondiscriminatory reason – the jury must consider:
Whether the defendant's proffered reason is credible and genuine
This is effectively the affirmative defense evaluation
Pretext / falsity of the reason – the jury must consider:
Whether the reason is a sham
Whether the false reason allows an inference of intentional discrimination
Key point: These steps are not optional for lawful jury consideration in a Title VII case. Without them, the jury has no legal framework to determine whether discrimination occurred.
2. Why the absence of these Instructions matters
Jury instructions in Title VII cases must convey the elements of law necessary to reach a verdict.
Omitting McDonnell Douglas steps means the jury cannot legally evaluate:
Whether the defendant's reason is authentic
Whether the plaintiff's prima facie case has been rebutted
Whether pretext exists and supports an inference of discrimination
Federal and Second Circuit practice confirms that these are the questions a jury must be able to consider. The law is clear: without them, the jury is effectively blind to the statutory elements of Title VII.
3. Supporting authority
McDonnell Douglas Corp. v. Green – establishes the burden-shifting framework, which defines the key questions for factfinder evaluation.
Texas Department of Community Affairs v. Burdine – clarifies that the jury evaluates whether the employer's reason is credible and that plaintiff bears ultimate burden.
Reeves v. Sanderson Plumbing Products, Inc. – confirms that pretext evidence must be considered by the jury to infer discrimination.
Takeaway: These cases collectively show that the jury must have a framework of law — McDonnell Douglas — to decide Title VII claims. If that framework is omitted, the verdict lacks a lawful foundation.

Conclusion

McDonnell Douglas provides the elements of law the jury must consider: prima facie case, employer reason, pretext/falsity.
Without these instructions, the jury cannot lawfully determine whether discrimination occurred.
Therefore, the jury was deprived of the legal framework required under Title VII.

MCDONNELL DOUGLAS VS. GREEN THE LANDMARK DISCRIMINATION EMPLOYMENT CASE.

page 6 - CONTINUED,

OR McDONNELL Douglas CORPORATION VS. GREEN THIS MADE IT IMPOSSIBLE FOR MY DUE PROCESS OF THE LAW. JURORS DID NOT HEAR THE INGREDIENTS OF THE LAW IN order TO MAKE A fair DECISION. THIS WOULD SHIFT THE BURDEN OF PROOF TO THE DEFENDANTS TO CREATE OR INVENT A BUSINESS REASON OR A NON-DISCRIMINATORY REASON OF WHY PLAINTIFF STANLEY TAYLOR NOT WORKING. Although PLAINTIFF WAS HALTED FROM NOT TAKING HIS I.D. PICTURE (Badge) TO REPORT TO WORK THE NEXT MONDAY. CASE 17-CV-01426

7) MY ATTORNEY ARTHUR SCHWARTZ NEVER PREP PLAINTIFF FOR THE TRIAL. SEPTEMBER 2023. BUT INSTEAD WAS PREPPING THE NEW YORK CITY'S DEFENSE ATTORNEYS INSTEAD OF HOW TO CONSPIRE AGAINST ME. MY ATTORNEY ARTHUR SCHWARTZ NEVER of MY Knowledge DID A RECROSS AND GAVE THE DEFENDANTS KNOW of MY WHERE-ABOUTS AND OTHER PERTINENT DETAILS TO HURT ME THAT HAD NOTHING TO DO WITH MY TRIAL.

8)

THE RECORD WILL SHOW THE OFFICERS OF THE COURT WERE INVOLVED IN A HIGH DEGREE OF MORAL TURPITUDE OR CRIMINAL DISHONESTY FOR PUNITIVE DAMAGES, IF WARRANTED OR POSSIBLE.

9) ATTORNEY'S BEHAVIOR WENT FAR BEYOND A SINGLE OR SIMPLE MISTAKES OR BAD LEGAL ADVICE. THEY SHOWED A CONCIOUS MALICIOUS DISREGARDS FOR MY RIGHTS AND DUE PROCESS.

10) THEY ALL OR SHOULD HAD KNOWN IT WAS MCDONNELL DOUGLAS CORPORATION VS GREEN ( ) THE JURY INSTRUCTION TO CASE 17-CV-01424. SDNY 2023.

11) THIS WAS A COMBINATION OF AN ABUSE OF POWER RACISM AND PLAIN NEGLIGENCE.

# EXHIBIT A

*Dep't of Homeless Servs.*, 580 F.3d 73, 79 (2d Cir. 2009)).

## III. DISCUSSION

In seeking a position with DSNY, Taylor passed the Civil Service Exam, waited years, completed medical exams, and obtained a commercial driver's license, all at significant personal expense. Def. 56.1 ¶¶ 32, 33, 37–40; Pl. 56.1 ¶¶ 32, 33, 37–40; *see* AC at 2, 4, 7. According to Defendants, the only thing that stood between Taylor and his long-awaited goal was a form. *See* Def. 56.1 ¶ 40; Reilly Depo. at 20, 48. Forms are pesky things. "Anyone who has applied for a passport, filed for Social Security benefits, or sought a license understands the government's affinity for forms. Make a mistake or skip a page? Go back and try again, sometimes with a penalty for the trouble." *Niz-Chavez v. Garland*, 141 S.Ct. 1474, 1478 (2021). Taylor was told to complete a new CPD, even though he was already a City employee with a CPD on file. According to Taylor, his penalty for struggling with the new CPD was that Reilly told him, "we don't need people like you" and "black people aren't dependable," and she gave him an unrealistically short deadline to leave the DSNY office and return with the completed form before giving away his position. Taylor Depo. at 63:23, 65:17–18.

As explained below, Taylor clearly establishes a *prima facie* case of race discrimination. Defendants respond with one single, solitary argument that Reilly had a legitimate, non-discriminatory reason for refusing to hire Taylor: he failed to complete a form that *all* candidates were required to complete.[3] But Defendants submit in support of this argument a version of the CPD that plainly states the "form may not be required" for "a current city employee." Def. CPD

---

[3] Perhaps Reilly *believed*, as she has testified, that Taylor was required to complete a new CPD, even though he was already employed by the City. But Defendants' only argument is that Taylor was, in fact, required to complete the CPD. Given that Taylor establishes a *prima facie* case of race discrimination, Defendants have the burden to establish the non-discriminatory reason for refusing to hire him. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010).

# EXHIBIT B1 AND B2

*McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) .................. 10

*Miller v. Bank of America*, 600 F.2d 211 (9th Cir.1979) .................. 15, 16

*Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) .................. 14

*Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 494, 5 L.Ed.2d 492 (1961) .................. 15

*Patton v. Dumpson*, 498 F.Supp. 933 (S.D.N.Y.1980) .................. 15

*Pennsylvania v. Local Union 542*, 469 F.Supp. 329, *rev'd on other grounds sub. nom. General Building Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982) .................. 15

*Ruiz v. Cnty. of Rockland*, 609 F.3d 486 (2d Cir. 2010) .................. 10

*Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976) .................. 16

*Springer v. Seaman*, 821 F.2d 871 (1st Cir.1987) .................. 15

*Tekula v. Bayport-Blue Point School Dist.*, 295 F. Supp. 2d 224 (E.D.N.Y. 2003) .................. 14

*Terry v. Ashcroft*, 336 F.3d 128 (2d Cir. 2003) .................. 11

*Westchester Medical Center Health Network*, No. 18-CIV-1335 (KMK), 2019 WL 1430014 (S.D.N.Y. Mar. 29, 2019) .................. 13

*Weyant v. Okst*, 101 F.3d 845 (2d Cir.1996) .................. 10

*Williams v. City of New York*, No. 81 Civ. 0839, slip op. (S.D.N.Y. June 11, 1982) .................. 15

*Woodman v. WWOR–TV*, 411 F.3d 69 (2d Cir. 2005) .................. 11

**Statutes**

29 U.S.C. Section 1981 .................. 1, 14, 15, 16

29 U.S.C. Section 1983 .................. 1, 14, 15, 16

*Mahone v. Waddle*, 564 F.2d 1018 (3d Cir.1977), *cert. denied*, 438 U.S. 904, 98 S.Ct. 3122, 57 L.Ed.2d 1147 (1978) .................. 16

Title VII of the Civil Rights Act .................. 1, 16



4

The Court, however, must not weigh the evidence, but instead is "required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments[.]" *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir.1996) (citations omitted); *Aulicino v. New York Dept. of Homeless Services*, 580 F.3d 73, 83 (2d Cir. 2009) (summary judgment reversed because evidence not viewed in light most favorable to party opposing motion).

As we stated above, Plaintiffs assert that here are several key issues of fact here:

- Whether Ms. Reilly made her racist remark and was not motivated by racist animosity when she refused to give Plaintiff assistance with the form that she insisted be created, or time until the end of the day.
- Whether there was even a necessity for Plaintiff to complete the form in question, a NYC Personnel History form, given that he was already a New York City employee whose information was in the system and given that Plaintiff did hand in a signed form Defendant Reilly admits was sufficient.
- Whether Ms. Reilly used the "electronic form requirement" as a pretext for a racially motivated termination of Plaintiff's employment.

Title VII and Section 1981 claims for discrimination are evaluated using the burden-shifting framework set forth in *McDonnell Douglas v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Kirkland v. Cablevision Systems*, 760 F.3d 223, 225 (2d Cir. 2014). "Under this framework, a plaintiff must first establish a *prima facie* case of discrimination." *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491–92 (2d Cir. 2010). To establish a *prima facie* case of employment discrimination, a plaintiff must show that "(1) he belongs to a protected group; (2) he was qualified for his position; (3) his employer took an adverse action against him; and (4) the

# EXHIBIT C

12) EXHIBIT "C" (A) "TAYLOR RAISES A GENUINE DISPUTE AS TO HIS TITLE VII CLAIM. DENYING IN PART AND GRANTING IN PART MOTION FOR SUMMARY JUDGEMENT EMPLOYMENT HIRING DISCRIMINATION. MALE BLACK

13) All THE ATTORNEYS WROTE AND Responded TO THE MOTION FOR SUMMARY Judgement FOR Judgent MARCH 31, 2023. SUMMARY JUDGEMENT. All READ IT.

14) All KNEW AND SHOULD HAD KNOWN TO CHARGE JURY TO THE MCDONNELL Douglas Corporation Vs. Green, THE LANDMARK CASE FOR EMPLOYMENT DISCRIMINATION, (1973) SET BY Judge. MARY K. VYSKOCIL DISTRICK Judge 31 MARCH 2023. OF RACE EMPLOYMENT DISCRIMINATION.

15. THIS IS A MISCARRIAGE OF JUSTICE AT THE HIGHEST LEVEL. A TRIAL BASE ON FRAUD IS A VOID JUDGEMENT. AND THEREFORE THE JUDGEMENT BASED ON FRAUD IS A FRAUD JUDGEMENT

EXHIBIT C



claim.

3 Perhaps Reilly *believed*, as she has testified, that Taylor was required to complete a new CPD, even though he was already employed by the City. But Defendants' only argument is that Taylor was, in fact, required to complete the CPD. Given that Taylor establishes a *prima facie* case of race discrimination, Defendants have the burden to establish the non-discriminatory reason for refusing to hire him. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010).

However, as explained below, Taylor's Section 1981 claim fails. Defendants on that issue have the law and the evidence on their side: Taylor cannot rest his Section 1981 claim on a theory of *respondeat superior*, and there is no evidence that Reilly was a policy-maker. Accordingly, Defendants are entitled to summary judgment on Taylor's Section 1981.

**A. Taylor Raises a Genuine Dispute as to his Title VII Claim.**

Title VII provides that "[i]t shall be an unlawful employment practice" to "fail or refuse to hire" an individual "because of such individual's race." 42 U.S.C. § 2000e-2(a). The landmark decision in *McDonnell Douglas* established the now-familiar tripartite burden-shifting framework governing Title VII discrimination claims. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). First, the plaintiff must "make out a prima facie case of discrimination." *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). Second, if the plaintiff makes the required showing, "the burden shifts to the [defendant] to come forward with a nondiscriminatory reason for the decision not to hire the plaintiff." *Id.* Then, if the defendant carries that burden, "the plaintiff 'is given an opportunity to adduce admissible evidence . . . to permit a rational finder of fact to infer that the employer's proffered reason is pretext for an impermissible motivation." *Id.* (quoting *Howley v. Town of Stratford*, 217 F.3d 141, 150 (2d Cir. 2000)).

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- X

STANLEY TAYLOR,

Plaintiff,

-against-

CITY OF NEW YORK, MORGAN LEWIS & BOCKIUS, PC, LILIYA PERELMAN KRAMER, ARTHUR Z SCHWARTZ, LAURA CHRISTINE WILLIAMS, NANCY A. REILLY, MARIA FERNANDO DECASTRO, REBECCA GIBSON QUINN, NICHOLAS PHILIP PALLESE SCHAEFER,

Defendants.

---------------------------------- X

**NOTICE OF REMOVAL**

Case No.

**TO: THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK**

Defendants, the City of New York and Laura Christine Williams (hereinafter "Defendants") by and through their attorney, Steven A. Banks, Corporation Counsel of the City of New York, respectfully removes to this Court the State Court Action described below:

1. Defendants are named in a civil action commenced in the Supreme Court of the State of New York, County of Kings, Index No. 993/2026 (the "State Court Action"), setting forth the claims for relief upon which the action is based.

2. In the State Court Action, Plaintiff, Pro Se, filed a Summons and Complaint on September 2, 2026.

3. On or about October 1, 2026, Plaintiff served Defendants with the Summons and Complaint in this action. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is annexed hereto as Exhibit "A."

4. This application for removal is made on behalf of all Defendants, but upon information and belief only the City and Defendant Williams have been served. Defendant Williams consent to this application.

5. Under 28 U.S.C. §§ 1441(a), and 1446(b), this removal is timely, as this Notice of Removal is being filed within thirty (30) days of the service of the pleading setting forth Plaintiff's claims on Defendants.

6. This is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court, pursuant to 28 U.S.C. § 1441(a). Plaintiff brings this action as a procedural due process claim under 42 U.S.C. § 1983, and a claim for conspiracy to interfere with his due process rights under 42 U.S.C. § 1985. *See* Exhibit "A."

7. Plaintiff previously filed a complaint before the Court under Case Number 1:24-cv-09386-JHR-SLC, entitled *Stanley Taylor v. Liliya Perelman Kramer, et al.,* alleging identical claims of due process violations and a conspiracy to interfere with his due process rights under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, against Defendants Liliya Perelman Kramer, Arthur Z. Schwartz, Laura Christine Williams and Nancy A. Reilly, arising out of the same set of facts as alleged in the State Court Action.

8. Plaintiff, also appearing Pro Se before this Court, voluntarily filed an application to withdraw his federal complaint on May 14, 2026, but failed to sign a Stipulation of Dismissal as directed by the Court in its order dated May 28, 2026. *See* Case Number 1:24-cv-09386-JHR-SLC, ECF Dkt. No. 101. Plaintiff filed the State Court Action less than four months after making his application to withdraw the federal complaint.

9. Pursuant to 28 U.S.C. § 1446(d), the undersigned shall promptly provide Plaintiff with written notice of the filing of this Notice of Removal, and shall file a copy of the

Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York.

**WHEREFORE**, Defendants respectfully request that the above-captioned action be removed from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Southern District of New York.

Dated: New York, New York
October 22, 2026

**STEVEN A. BANKS**
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York,*
*And Laura Christine Williams*
100 Church Street, Room 2-109(g)
New York, New York 10007-2601
(212) 356-4389
cylee@law.nyc.gov

By: /s/ Cynthia A. Lee
Cynthia A. Lee
Assistant Corporation Counsel

**TO:** Stanley Taylor, Pro Se
81 North Portland, #12H
Brooklyn, NY 11205

# EXHIBIT A

**[Print in *black* ink beside instructions in bold letters. This summons must be served with a complaint.]**

CAPTION RIDER ATTACHED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

STANLEY TAYLOR,
**[fill in name(s)]** Plaintiff(s),

- against -

MORGAN LEWIS AND BOCKIUS LLP AND LILIYA PERELMAN KRAMER,
**[fill in name(s)]** Defendant(s).

(SEE ATTACHED CAPTION RIDER)

**SUMMONS**

**Index Number** 993/26

**Date Index Number Purchased**

_______________, 20____

To the Person(s) Named as Defendant(s) above:

PLEASE TAKE NOTICE THAT YOU ARE SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: 9/2, 2026

KINGS COUNTY CLERK FILED 2026

Stanley Taylor
**[sign your name]**

STANLEY TAYLOR
**[print your name]**

81 NORTH PORTLAND #12H
BROOKLYN, N.Y. 11205 (212)-365-4390
**[your address and telephone number]**

1) LILIYA PERELMAN KRAMER
ATTORNEY, MORGAN LEWIS
AND BOCKIUS LLP.
ONE FEDERAL STREET 16TH FLOOR
BOSTON, MA, 02110
**[name and address of defendant(s)]**

2) ARTHUR Z SCHWARTZ, AFJ, CHARTERED
ATTORNY, 225 BROADWAY, SUITE 1902
NEW YORK, N.Y. 10007
**[name and address of defendant(s)]**

Venue: Plaintiff(s) designate(s) _______ County as the place of trial. The basis of this designation is:

- Plaintiff(s) residence in KINGS COUNTY.
- Defendant(s) residence in NEW YORK COUNTY
- Other **[See CPLR Article 5]**: Liliya PERELMAN KRAMER ATTORNEY, MORGAN LEWIS AND BOCKIUS LLP. ONE FEDERAL STREET 16TH FLOOR BOSTON, MA, 02110

CAPTION RIDER CONTINUATION OF PARTIES

3) LAURA CHRISTINE Williams, 100 CHURCH STREET, NEW YORK, N.Y. 10007

4) NANCY A. REILLY, DIRECTOR OF HUMAN RESOURCES, DEPARTMENT OF SANITATION NEW YORK CITY, CITY OF NEW YORK, 100 CHURCH STREET, NYC LAW DEPARTMENT, 10007, N.Y. NY.

5) MARIA FERNANDO DECASTRO, NYC LAW DEPARTMENT 100 CHURCH STREET, N.Y. N.Y. 10007

6) REBECCA GIBSON QUINN, NYC LAW DEPARTMENT. CITY OF NEW YORK. 100 CHURCH STREET NEW YORK, 10007

7) NICHOLAS PHILIP PALLESE SCHAEFER AND AMERICAN INTERNATIONAL GROUP, INCORPORATION (AIG) NEW YORK, N.Y. 1271 AVENUE OF THE AMERICAS, SIXTH AVENUE. N.Y. N.Y. 10020. CITY OF NEW YORK 100 CHURCH STREET, N.Y. N.Y. 10007

CAPTION RIDER ATTACHE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

STANLEY TAYLOR
[Your name(s)] Plaintiff(s),

- against -

MORGAN LEWIS AND BOCKIUS LLP, LILIYA PERELMAN KRAMER,
[name(s) of party being sued] Defendant(s).

Index Number

COMPLAINT

TO THE SUPREME COURT OF .

The complaint of the plaintiff [your name], STANLEY TAYLOR

Respectfully shows and alleges as follows: [number each paragraph]

1. I AM A BLACK UNEMPLOYED UNITED STATES AIR FORCE COMBAT VETERAN OF THREE (3) WARS. MY TRUSTED ATTORNEY ARTHUR Z. SCHWARTZ ADVOCATE AND A FRIEND THAT I HELPED CAMPAIGNED FOR HIM WHEN RUNNING FOR NYC COUNSELMAN IN NEW YORK CITY DISTRICT THREE (3) IN 2021 CONSPIRED TO COMMIT FRAUD AGAINST PROSE PLAINTIFF, STANLEY TAYLOR VS. NEW YORK CITY DEPARTMENT OF SANITATION AND NANCY REILLY, DIRECTOR OF HUMAN RESOURCES. CASE SDNY. 17-CV-01424 (MKV)(SDA). THIS INCLUDING WRONGFULLY CHARGING THE JURY AND OMITTING THE ELEMENTS OF TITLE VII MCDONNEL DOUGLAS CORPORATION VS. GREEN, 411 U.S. 792, 802 (1973). JOHN FROM NYLAG ASSISTED M GREATLY WITH EIGHT (8) YEARS OF LITIGATION WASTED THEN TO BE UNFAIRLY DISMISSED. AT A FIXED TRIAL, SEVERAL ATTORNEYS AND NANCY REILLY. DSNY WAS INVOLVED IN THIS RIGGED TRIAL.

2. HONORABLE JUDGE MARY K. VYSKOCIL GAVE DEFENDANTS PARTIAL, SUMMARY JUDGEMENT

THE RECORD WILL SHOW THE OFFICERS OF THE COURT WERE INVOLVED IN A HIGH DEGREE OF MORAL TURPITUDE OR CRIMINAL DISHONESTY FOR PUNITIVE DAMAGES, IF WARRANTED OR POSSIBLE.

9) ATTORNEY'S BEHAVIOR WENT FAR BEYOND A SINGLE OR SIMPLE MISTAKES OR BAD LEGAL ADVICE. THEY SHOWED A CONCIOUS MALICIOUS DISREGARDS FOR MY RIGHTS AND DUE PROCESS.

10) THEY ALL OR SHOULD HAD KNOWN IT WAS MCDONNELL DOUGLAS CORPORATION VS. GREEN ( ) THE JURY INSTRUCTION TO CASE 17-CV-01424. SDNY 2023.

11) THIS WAS A COMBINATION OF AN ABUSE OF POWER RACISM AND PLAIN NEGLIGENCE

NATURE OF MY CASE AND DAMAGES.

(1) CONSPIRACY TO DEFRAUD (2) MALPRACTICE (3) WRONGFULLY CHARGING JURY (3) DECEPTION AND FRAUD. (4) FAILURE TO COMMUNICATE (4) LAWYER CLIENT PRIVILEGE (5) PUNITIVE DAMAGES $50,000,000, OTHER CHARGES $50,000,000

3. ON MARCH 31, 2023 STATING ON HER OPINION AND ORDER PAGE 7, PART III DISCUSSION SUBDIVISION #3. GIVEN THAT TAYLOR ESTABLISHES A PRIMA FACIE CASE OF RACE DISCRIMINATION, DEFENDANTS HAVE THE BURDEN TO ESTABLISH THE NON-DISCRIMINATORY REASON FOR REFUSING TO HIRE HIM. See McDonnell Douglas Corp. Vs. Green 411 U.S. 792, 802 (1973). SEE EXHIBIT A. SUBDIVISION THREE (3)

4. THE JUDGE DETERMINED THE ELEMENTS OF McDONNEL DOUGLAS VS. GREEN TO BE USED AFTER DISCOVER TO BE USED AT THE TRIAL OF SEPTEMBER 2023. AT THE SDNY COURT. THIS WAS THE OPINION AND ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR SUMMARY JUDGEMENT DATED FILED 31 MARCH 2023. SEE EXHIBIT $B_1 + B_2$ PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR SUMMARY JUDGEMENT TABLE OF AUTHORITIES PAGE # 4 McDONNELL DOUGLAS V. GREEN, 411 U.S. 792, 93, S.Ct 1817. 36 L. ED 2d 668 (1973) ..... 10. THE PROCEEDING WAS WRITTEN ADDRESSED BY ADVOCATES FOR JUSTICE CHARTERED ATTORNEYS, ATTORNEY FOR PLAINTIFF ARTHUR Z. SCHWARTZ. 225 BROADWAY, SUITE 1902 NEW YORK, N.Y. 10007 Tel # 212 285-1400.

5. IN THE JUDGE'S MEMORANDUM OF OPINION STATES PLAINTIFF'S CASE CANNOT BE DISMISSED ON SUMMARY JUDGEMENT AND MUST GO TO TRIAL SHOWING THE JURY THE TITLE 7. CASE McDONNEL Douglas Vs Green THE LEADING CASE OF EMPLOYMENT DISCRIMINATION AND WAS NEVER MENTION TO THE JURORS AT TRIAL TO BE DECIDED ON.

6. THESE OFFICERS (LAWYERS) OF THE COURT INTENTIONALLY LEFT OUT THE SKELETON / FRAMEWORK OF McDONNELL Douglas CORP Vs. GREEN. DURING THE THREE (3) DAYS TRIAL, NONE MENTION THE WORDS TITLE VII McDONNELL Douglas CORPORATION Vs. GREEN FROM JUDG MOTION FOR SUMMARY JUDGEMENT DATED 31 MARCH

PLEASE NOTE JURY QUESTION ONE ON THE VERDICT SHEET QUESTION 1 (ONE) READ. "HAS PLAINTIFF PROVEN BY PREPONDERANCE OF THE EVIDENCE THAT DEFENDANT CITY OF NEW YORK INTENTIONALLY DISCRIMINATED AGAINST HIM BY DENYING HIM EMPLOYMENT BECAUSE OF HIS RACE? THIS WRONGFULLY CHARGING OF THE JURY REJECTING PRO SE PLAINTIFF TAYLOR'S DUE PROCESS "STOPPING JUSTICE". THE FOLLOWING IS THE EXPLICATORY MEMORANDUM OF TRIAL INJUSTICE:

EXPLICATORY MEMORANDUM OF TRIAL INJUSTICE

1. McDonnell Douglas as the legal standard for jury consideration
McDonnell Douglas Corp. v. Green establishes the framework of law for the jury to evaluate Title VII claims:
Prima facie case – the jury must consider:
Protected class membership
Qualification for the position
Adverse employment action
Circumstances giving rise to an inference of discrimination
Employer's legitimate nondiscriminatory reason – the jury must consider:
Whether the defendant's proffered reason is credible and genuine
This is effectively the affirmative defense evaluation
Pretext / falsity of the reason – the jury must consider:
Whether the reason is a sham
Whether the false reason allows an inference of intentional discrimination
Key point: These steps are not optional for lawful jury consideration in a Title VII case. Without them, the jury has no legal framework to determine whether discrimination occurred.
2. Why the absence of these instructions matters
Jury instructions in Title VII cases must convey the elements of law necessary to reach a verdict.
Omitting McDonnell Douglas steps means the jury cannot legally evaluate:
Whether the defendant's reason is authentic
Whether the plaintiff's prima facie case has been rebutted
Whether pretext exists and supports an inference of discrimination
Federal and Second Circuit practice confirms that these are the questions a jury must be able to consider. The law is clear: without them, the jury is effectively blind to the statutory elements of Title VII.
3. Supporting authority
McDonnell Douglas Corp. v. Green – establishes the burden-shifting framework, which defines the key questions for factfinder evaluation.
Texas Department of Community Affairs v. Burdine – clarifies that the jury evaluates whether the employer's reason is credible and that plaintiff bears ultimate burden.
Reeves v. Sanderson Plumbing Products, Inc. – confirms that pretext evidence must be considered by the jury to infer discrimination.
Takeaway: These cases collectively show that the jury must have a framework of law — McDonnell Douglas — to decide Title VII claims. If that framework is omitted, the verdict lacks a lawful foundation.

Conclusion
McDonnell Douglas provides the elements of law the jury must consider: prima facie case, employer reason, pretext/falsity.
Without these instructions, the jury cannot lawfully determine whether discrimination occurred.
Therefore, the jury was deprived of the legal framework required under Title VII.

MCDONNELL DOUGLAS VS. GREEN. THE LANDMARK DISCRIMINATION EMPLOYMENT CASE.

page 6 - CONTINUED,

OR McDONNELL Douglas CORPORATION Vs. GREEN THIS MADE IT IMPOSSIBLE FOR MY DUE PROCESS OF THE LAW. JURORS DID NOT HEAR THE INGREDIENTS OF THE LAW IN order TO MAKE A fair DECISION. THIS WOULD SHIFT THE BURDEN OF PROOF TO THE DEFENDANTS TO CREATE OR INVENT A BUSINESS REASON OR A NON-DISCRIMINATORY REASON OF WHY PLAINTIFF STANLEY TAYLOR NOT WORKING. Although PLAINTIFF WAS HALTED FROM NOT TAKING HIS I.D. PICTURE (Badge) TO REPORT TO WORK THE NEXT Monday. CASE 17-CV-01426

7) MY ATTORNEY ARTHUR SCHWARTZ NEVER PREP PLAINTIFF FOR THE TRIAL. SEPTEMBER 2023. BUT INSTEAD WAS PREPPING THE NEW YORK CITY'S DEFENSE ATTORNEYS INSTEAD OF HOW TO CONSPIRE AGAINST ME. MY ATTORNEY ARTHUR SCHWARTZ NEVER of MY Knowledge Did A RECROSS AND GAVE THE DEFENDANTS KNOW of MY WHERE-ABOUTS AND OTHER PERTINENT DETAILS TO HURT ME THAT HAD NOTHING TO DO WITH MY TRIAL.

8)

THE RECORD WILL SHOW THE OFFICERS OF THE COURT WERE INVOLVED IN A HIGH DEGREE OF MORAL TURPITUDE OR CRIMINAL DISHONESTY FOR PUNITIVE DAMAGES, IF WARRANTED OR POSSIBLE.

9) ATTORNEY'S BEHAVIOR WENT FAR BEYOND A SINGLE OR SIMPLE MISTAKES OR BAD LEGAL ADVICE. THEY SHOWED A CONCIOUS MALICIOUS DISREGARDS FOR MY RIGHTS AND DUE PROCESS.

10) THEY ALL OR SHOULD HAD KNOWN IT WAS MCDONNELL DOUGLAS CORPORATION VS. GREEN ( ) THE JURY INSTRUCTION TO CASE 17-CV-01424. SDNY 2023.

11) THIS WAS A COMBINATION OF AN ABUSE OF POWER RACISM AND PLAIN NEGLIGENCE.

# EXHIBIT A

*Dep't of Homeless Servs.*, 580 F.3d 73, 79 (2d Cir. 2009)).

## III. DISCUSSION

In seeking a position with DSNY, Taylor passed the Civil Service Exam, waited years, completed medical exams, and obtained a commercial driver's license, all at significant personal expense. Def. 56.1 ¶¶ 32, 33, 37–40; Pl. 56.1 ¶¶ 32, 33, 37–40; *see* AC at 2, 4, 7. According to Defendants, the only thing that stood between Taylor and his long-awaited goal was a form. *See* Def. 56.1 ¶ 40; Reilly Depo. at 20, 48. Forms are pesky things. "Anyone who has applied for a passport, filed for Social Security benefits, or sought a license understands the government's affinity for forms. Make a mistake or skip a page? Go back and try again, sometimes with a penalty for the trouble." *Niz-Chavez v. Garland*, 141 S.Ct. 1474, 1478 (2021). Taylor was told to complete a new CPD, even though he was already a City employee with a CPD on file. According to Taylor, his penalty for struggling with the new CPD was that Reilly told him, "we don't need people like you" and "black people aren't dependable," and she gave him an unrealistically short deadline to leave the DSNY office and return with the completed form before giving away his position. Taylor Depo. at 63:23, 65:17–18.

As explained below, Taylor clearly establishes a *prima facie* case of race discrimination. Defendants respond with one single, solitary argument that Reilly had a legitimate, non-discriminatory reason for refusing to hire Taylor: he failed to complete a form that *all* candidates were required to complete.[3] But Defendants submit in support of this argument a version of the CPD that plainly states the "form may not be required" for "a current city employee." Def. CPD

[3] Perhaps Reilly *believed*, as she has testified, that Taylor was required to complete a new CPD, even though he was already employed by the City. But Defendants' only argument is that Taylor was, in fact, required to complete the CPD. Given that Taylor establishes a *prima facie* case of race discrimination, Defendants have the burden to establish the non-discriminatory reason for refusing to hire him. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010).

# EXHIBIT B1 AND B2

*McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).................. 10

*Miller v. Bank of America*, 600 F.2d 211 (9th Cir.1979)............................................... 15, 16

*Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ........................................................................................................ 14

*Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 494, 5 L.Ed.2d 492 (1961) .............................. 15

*Patton v. Dumpson*, 498 F.Supp. 933 (S.D.N.Y.1980)..................................................... 15

*Pennsylvania v. Local Union 542*, 469 F.Supp. 329, *rev'd on other grounds sub. nom. General Building Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982) ........................................................................................ 15

*Ruiz v. Cnty. of Rockland*, 609 F.3d 486 (2d Cir. 2010)..................................................... 10

*Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976) ............................ 16

*Springer v. Seaman*, 821 F.2d 871 (1st Cir.1987) ............................................................ 15

*Tekula v. Bayport-Blue Point School Dist.*, 295 F. Supp. 2d 224 (E.D.N.Y. 2003)..................... 14

*Terry v. Ashcroft*, 336 F.3d 128 (2d Cir. 2003) ................................................................ 11

*Westchester Medical Center Health Network*, No. 18-CIV-1335 (KMK), 2019 WL 1430014 (S.D.N.Y. Mar. 29, 2019)............................................................................................ 13

*Weyant v. Okst*, 101 F.3d 845 (2d Cir.1996) ..................................................................... 10

*Williams v. City of New York*, No. 81 Civ. 0839, slip op. (S.D.N.Y. June 11, 1982).................. 15

*Woodman v. WWOR–TV*, 411 F.3d 69 (2d Cir. 2005)............................................................ 11

**Statutes**

29 U.S.C. Section 1981 ..................................................................................... 1, 14, 15, 16

29 U.S.C. Section 1983 ..................................................................................... 1, 14, 15, 16

*Mahone v. Waddle*, 564 F.2d 1018 (3d Cir.1977), *cert. denied*, 438 U.S. 904, 98 S.Ct. 3122, 57 L.Ed.2d 1147 (1978) ............................................................................................. 16

Title VII of the Civil Rights Act ............................................................................. 1, 16

Case 1:26-cv-09272 Document 1-1 Filed 10/22/26 Page 16 of 19

The Court, however, must not weigh the evidence, but instead is "required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments[.]" *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir.1996) (citations omitted); *Aulicino v. New York Dept. of Homeless Services*, 580 F.3d 73, 83 (2d Cir. 2009) (summary judgment reversed because evidence not viewed in light most favorable to party opposing motion).

As we stated above, Plaintiffs assert that here are several key issues of fact here:

- Whether Ms. Reilly made her racist remark and was not motivated by racist animosity when she refused to give Plaintiff assistance with the form that she insisted be created, or time until the end of the day.
- Whether there was even a necessity for Plaintiff to complete the form in question, a NYC Personnel History form, given that he was already a New York City employee whose information was in the system and given that Plaintiff did hand in a signed form Defendant Reilly admits was sufficient.
- Whether Ms. Reilly used the "electronic form requirement" as a pretext for a racially motivated termination of Plaintiff's employment.

Title VII and Section 1981 claims for discrimination are evaluated using the burden-shifting framework set forth in *McDonnell Douglas v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Kirkland v. Cablevision Systems*, 760 F.3d 223, 225 (2d Cir. 2014). "Under this framework, a plaintiff must first establish a *prima facie* case of discrimination." *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491–92 (2d Cir. 2010). To establish a *prima facie* case of employment discrimination, a plaintiff must show that "(1) he belongs to a protected group; (2) he was qualified for his position; (3) his employer took an adverse action against him; and (4) the

# EXHIBIT C

12) EXHIBIT "C" (A) "TAYLOR RAISES A GENUINE DISPUTE AS TO HIS TITLE VII CLAIM. DENYING IN PART AND GRANTING IN PART MOTION FOR SUMMARY JUDGEMENT EMPLOYMENT HIRING DISCRIMINATION. MALE BLACK.

13) All THE ATTORNEYS WROTE AND Responded TO THE MOTION FOR SUMMARY Judgement FOR Judges MARCH 31, 2023. SUMMARY Judgement. All READ IT.

14) All KNEW AND SHOULD HAD KNOWN TO CHARGE JURY TO THE McDONNELL Douglas Corporation Vs. GREEN, THE LANDMARK CASE for EMPLOYMENT DISCRIMINATION, (1973) SET BY Judge MARY K. VYSKOCIL DISTRICK Judge 31 MARCH 2023. OF RACE EMPLOYMENT DISCRIMINATION.

15. THIS IS A MISCARRIAGE OF JUSTICE AT THE HIGHEST LEVEL. A TRIAL BASE ON FRAUD IS A VOID Judgement. AND THEREFORE THE Judgement BASED ON FRAUD IS A FRAUD Judgement

EXHIBIT C

Opinion Case details

claim.

3 Perhaps Reilly *believed*, as she has testified, that Taylor was required to complete a new CPD, even though he was already employed by the City. But Defendants' only argument is that Taylor was, in fact, required to complete the CPD. Given that Taylor establishes a *prima facie* case of race discrimination, Defendants have the burden to establish the non-discriminatory reason for refusing to hire him. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010).

However, as explained below, Taylor's Section 1981 claim fails. Defendants on that issue have the law and the evidence on their side: Taylor cannot rest his Section 1981 claim on a theory of *respondeat superior*, and there is no evidence that Reilly was a policy-maker. Accordingly, Defendants are entitled to summary judgment on Taylor's Section 1981.

### A. Taylor Raises a Genuine Dispute as to his Title VII Claim.

Title VII provides that "[i]t shall be an unlawful employment practice" to "fail or refuse to hire" an individual "because of such individual's race." 42 U.S.C. § 2000e-2(a). The landmark decision in *McDonnell Douglas* established the now-familiar tripartite burden-shifting framework governing Title VII discrimination claims. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). First, the plaintiff must "make out a prima facie case of discrimination." *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). Second, if the plaintiff makes the required showing, "the burden shifts to the [defendant] to come forward with a nondiscriminatory reason for the decision not to hire the plaintiff." *Id.* Then, if the defendant carries that burden, "the plaintiff 'is given an opportunity to adduce admissible evidence . . . to permit a rational finder of fact to infer that the employer's proffered reason is pretext for an impermissible motivation." *Id.* (quoting *Howley v. Town of Stratford*, 217 F.3d 141, 150 (2d Cir. 2000)).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STANLEY TAYLOR,<br><br>Plaintiff,<br><br>-against-<br><br>MORGAN, LEWIS & BOCKIUS LLP, LILIYA PERELMAN KRAMER, and ARTHUR J. SCHWARTZ, ET AL<br><br>Defendants. | S.D.N.Y. Docket No. 1:26-cv-09272 |

**EXHIBIT B1** AND EXHIBIT B2

**DEFENDANTS' AFFIRMATION IN SUPPORT OF REMOVAL**

1 - DEFENDANT NOTICE OF REMOVAL

2 - AFFIRMATION CONCERNING NOTICE OF REMOVAL TO FEDERAL COURT

3. Proof of Service ATTACHED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------ X
STANLEY TAYLOR,

Plaintiff,

-against-

CITY OF NEW YORK, MORGAN LEWIS & BOCKIUS, PC, LILIYA PERELMAN KRAMER, ARTHUR Z. SCHWARTZ, LAURA CHRISTINE WILLIAMS, NANCY A. REILLY, MARIA FERNANDO DECASTRO, REBECCA GIBSON QUINN, NICHOLAS PHILIP PALLESE SCHAEFER,

Defendants.
------------------------------------------------------------ X

**AFFIRMATION CONCERNING NOTICE OF REMOVAL TO FEDERAL COURT**

Index No. 993/2026

**CYNTHIA A. LEE**, an attorney duly admitted to practice before the Courts of the State of New York, affirms pursuant to Rule 2106 of the New York Civil Practice Law and Rules ("CPLR"), and under penalty of perjury that the following is true and correct:

1. I am an Assistant Corporation Counsel in the office of Steven Banks, Corporation Counsel of the City of New York, attorney for Defendants the City of New York and Laura Christine Williams, (hereinafter "Defendants") in the above-captioned action.

2. On October 1, 2026, Plaintiff served Defendants with the Summons and Complaint in this action.

3. I submit this affirmation and the Notice of Removal, filed via ECF in the Southern District of New York on October 22, 2026, and annexed hereto as Exhibit "A," to respectfully inform the Court that on this date, the above-captioned proceeding was removed to the United States District Court for the Southern District of New York.

EXHIBIT B1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------- X

STANLEY TAYLOR,

Plaintiff,

-against-

CITY OF NEW YORK, MORGAN LEWIS & BOCKIUS, PC, LILIYA PERELMAN KRAMER, ARTHUR Z. SCHWARTZ, LAURA CHRISTINE WILLIAMS, NANCY A. REILLY, MARIA FERNANDO DECASTRO, REBECCA GIBSON QUINN, NICHOLAS PHILIP PALLESE SCHAEFER,

Defendants.

---------------------------------------------------------------- X

**AFFIRMATION CONCERNING NOTICE OF REMOVAL TO FEDERAL COURT**

Index No. 993/2026

**CYNTHIA A. LEE,** an attorney duly admitted to practice before the Courts of the State of New York, affirms pursuant to Rule 2106 of the New York Civil Practice Law and Rules ("CPLR"), and under penalty of perjury that the following is true and correct:

1. I am an Assistant Corporation Counsel in the office of Steven Banks, Corporation Counsel of the City of New York, attorney for Defendants the City of New York and Laura Christine Williams, (hereinafter "Defendants") in the above-captioned action.

2. On October 1, 2026, Plaintiff served Defendants with the Summons and Complaint in this action.

3. I submit this affirmation and the Notice of Removal, filed via ECF in the Southern District of New York on October 22, 2026, and annexed hereto as Exhibit "A," to respectfully inform the Court that on this date, the above-captioned proceeding was removed to the United States District Court for the Southern District of New York.

EXHIBIT "B"

Dated: New York, New York
October 22, 2026

By: /s/ Cynthia A. Lee

Cynthia A. Lee
Assistant Corporation Counsel

Complaint IN
Brooklyn, Supreme Court
Index # 993/2026

EXHIBIT "A"

# EXHIBIT A